Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | George M. Marovich | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 03 C 1333 | DATE | 9/24/2003 |
| CASE TITLE | Laramore vs. Ritchie Realty Management | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]    ENTER MEMORANDUM OPINION AND ORDER. The Court grants Ritchie Realty's motion to dismiss.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | SEP 2 5 2003 | 14 |
| ✓ | Docketing to mail notices. | | | |
| ✓ | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | | |
| JD | courtroom deputy's initials | Date/time received in central Clerk's Office | | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

BRENDA LARAMORE,          )
                          )
         Plaintiff,       )
                          )   CASE 03 C 1333
    v.                    )   Judge George M. Marovich
                          )
RITCHIE REALTY MANAGEMENT )
COMPANY,                  )
                          )
         Defendant.       )

**DOCKETED**

**SEP 2 5 2003**

## MEMORANDUM OPINION AND ORDER

Presently before the Court is Defendant, Ritchie Realty Management Company's ("Ritchie Realty") motion to dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6), Plaintiff Brenda Laramore's ("Laramore") one-count complaint. Laramore alleges in her one-count complaint that Ritchie Realty violated the Equal Credit Opportunity Act ("ECOA") by not allowing Laramore to apply for an apartment because Laramore intended on using a Section 8 public assistance voucher to pay some or all of her rent. However, Ritchie Realty argues that this request for an application to rent an apartment is not a "credit" transaction under the ECOA, Ritchie Realty is not a "creditor" under this statute and Laramore is not an "applicant" under said statute. Therefore, Ritchie Realty argues that the complaint should be dismissed for failing to state a valid cause of action. This is a case of first impression.

14

## BACKGROUND

Unless otherwise noted, the following facts are not in dispute. On or about October 19, 2002, Laramore was a participatnt in a government program that provided monetary assitance for housing in the form of a "Section 8" voucher, which is given to a landlord to pay a portion of the participant's rent. In October, 2002, Laramore, while searching the internet for an apartment, found an advertisement for a three bedroom, two bathroom apartment located at Sheridan and Pine. She called the telephone number listed in the advertisement and made an appointment to view the apartment. On or about October 19, 2002, she inspected an apartment at 3915 N. Pine Grove in Chicago, Illinois and determined that she would like to fill out an application to obtain this apartment. On or about October 21, 2002, Laramore contacted Ritchie Realty by phone and requested an application for the apartment. However, upon discovering that Laramore intended on using a Section 8 voucher, the woman on the phone allegedly stated that this apartment was not available to anyone using a Section 8 voucher and that all the apartments eligible for rent with Section 8 vouchers had already been rented.

## DISCUSSION

I. Standard for a Motion to Dismiss

When considering a motion to dismiss, a court must view the complaint's allegations in the light most favorable to the plaintiff, and all well-pleaded facts in the complaint must be

accepted as true. <u>Wilson v. Formigoni</u>, 42 F.3d 1060, 1062 (7th Cir. 1994). To withstand a motion to dismiss, a complaint must allege facts which sufficiently set forth the essential elements of the cause of action. <u>Gray v. County of Dane</u>, 854 F.2d 179, 182 (7th Cir. 1988). Dismissal is proper only if it appears beyond a doubt that a plaintiff can prove no set of facts in support of a claim which would entitle him to relief. <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957).

II. <u>Equal Credit Opportunity Act Claim</u>

The ECOA defines credit as "the right granted by a creditor to an applicant to defer payment of a debt, incur debt and defer its payment, or purchase property or services and defer payment therefor." 15 U.S.C. § 1691(a)(d). Therefore, the pivotal question is whether a residential landlord's renting of property falls within the category of "deferred payment of debt". The Court finds that it does not. Rental payments are typically paid at the first of each month payment is applied for that coming month. In other words, leases are not deferred debt but prepaid advancements of a debt for contemporaneous use. Hence, this is not a transaction where a party is allowed to accrue a debt and then defer its payment to a later date. Moreover, in 1985, the Board of Governors of the Federal Reserve Board (the agency charged with implementing regulations interpreting the ECOA) stated that the ECOA should not be construed to cover lease transactions. Equal Credit Opportunity, 50 Fed. Reg. 48018, 48019-20 (November 20, 1985). For these reasons, the Court finds

that this transaction does not constitute a credit transaction under the ECOA and in turn, the remaining issues of whether Ritchie Realty is a creditor and whether Laramore constitutes an applicant under the ECOA are moot. Accordingly, the Court grants Ritchie Realty's motion to dismiss.

## CONCLUSION

For the reasons set forth above, the Court grants Ritchie Realty's motion to dismiss.

ENTER:

George M. Marovich
United States District Judge

DATED: 9/24/03

4